## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

Sterling Bank and Trust, F.S.B.
AND Sterling Bancorp, Inc.,

                  Plaintiffs,

      v.

Scott Seligman,

                  Defendant,

And

K.I.S.S. Dynasty Trust No. 9, Scott J.
Seligman 1993 Long Term Irrevocable
Dynasty Trust, Scott J. Seligman 1993
Irrevocable Dynasty Trust, Scott J.
Seligman Revocable Living Trust, Joshua
James Seligman Irrevocable Trust No. 1,
Seligman Family Foundation, 311
California LP/tax Kiss LP CO, Presidential
Aviation, Inc., SM Farthington, LTD LLC,
Seligman & Associates, Inc., AND
Seligman Administrative Office

                  Nominal
                  Defendants.

Civil Action No. 5:22-cv-12398

Hon. Judith E. Levy

Magistrate Judge Elizabeth A. Stafford

## PLAINTIFFS' RESPONSE BRIEF IN OPPOSITION TO
## MOTION TO DISMISS BY NOMINAL TRUST DEFENDANTS
## K.I.S.S. DYNASTY TRUST NO. 9, SCOTT J. SELIGMAN 1993 LONG
## TERM IRREVOCABLE DYNASTY TRUST, SCOTT J. SELIGMAN 1993
## IRREVOCABLE DYNASTY TRUST, AND JOSHUA JAMES SELIGMAN
## <u>IRREVOCABLE TRUST NO. 1</u>

## CONCISE STATEMENT OF ISSUE PRESENTED

Where Plaintiffs allege that nominal defendants hold property on behalf of the main defendant, who acquired that property through breach of fiduciary duty and unjust enrichment, have plaintiffs properly named those nominal defendants?

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Civ. P. 12(b)(6)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

*Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007)

*Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc*., 276 F.3d 187 (4th Cir. 2002)

*Doe by K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076 (6th Cir. 2023)

*Farmers' Bank v. Hayes*, 58 F.2d 34 (6th Cir. 1932)

*Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396 (6th Cir. 2012)

*SEC v. Cherif*, 933 F.2d 403 (7th Cir. 1991)

*SEC v. George*, 426 F.3d 786 (6th Cir. 2005**)**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

BACKGROUND ................................................................................................4

I.   Factual Allegations.....................................................................................4

II.  Legal Standards ..........................................................................................7

ARGUMENT ......................................................................................................8

I.   The Nominal Trust Defendants Are Properly Joined Because Sterling Seeks
Property in Which They Have No Legitimate Ownership Interest ...........................8

II.  The Nominal Trust Defendants' Arguments For Dismissal Are Meritless ......10

    A.  The Nominal Trust Defendants Cannot Rely on Assertions That Fall
    Outside, and Directly Contradict, Sterling's Complaint ......................................10

    B.  Sterling Is Not Required To State A Claim Against The Nominal Trust
    Defendants ..............................................................................................13

    C.  Private Parties May Sue Nominal Defendants ............................................15

    D.  Sterling Does Not Seek Prejudgment Attachment .......................................17

CONCLUSION ..................................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)...............................................................................7

*Bowens v. Aftermath Ent.*,
  254 F. Supp. 2d 629 (E.D. Mich. 2003) .............................................12

*Certain Underwriters at Lloyds London Subscribing To Policy No.*
  *HMPL 18-0164 & HMPL 17-0158 v. KG Admin. Servs.*,
  No. 5:19-cv-1246, 2019 WL 6770061 (N.D. Ohio Dec. 12, 2019)....................14

*Chapman v. Chapman*,
  188 N.W.2d 21 (Mich. Ct. App. 1971)..................................................6

*Colman v. Shimer*,
  163 F. Supp. 347 (W.D. Mich. 1958) ..................................................10

*Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch,*
  *Inc.*,
  276 F.3d 187 (4th Cir. 2002) .........................................................2, 11

*Darrah v. City of Oak Park*,
  255 F.3d 301, 309 (6th Cir. 2001) .....................................................16

*DiBella v. Carpenter*,
  No. 2:10-cv-174, 2010 WL 2605824 (S.D. Ohio June 25, 2010) ........6

*Doe by K.M. v. Knox Cnty. Bd. of Educ.*,
  56 F.4th 1076 (6th Cir. 2023) ............................................................11

*Fabian v. Fulmer Helmets, Inc.*,
  628 F.3d 278 (6th Cir. 2010) ...............................................................7

*Farmers' Bank v. Hayes*,
  58 F.2d 34 (6th Cir. 1932) ...............................................3, 14, 15, 16

*Jackson v. Bank of Am., N.A.*,
    No. 13-12430, 2013 WL 4670762 (E.D. Mich. Aug. 30, 2013) ......................16

*Jonna v. Latinum*,
    No. 22-10208, 2022 WL 2960130 (E.D. Mich. July 26, 2022)..........................8

*JPMorgan Chase Bank, N.A. v. Winget*,
    No. 21-1568, 2022 WL 2389287 (6th Cir. July 1, 2022) ...................................6

*Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*,
    672 F.3d 396 (6th Cir. 2012) ...............................................................12

*Meretta v. Peach*,
    491 N.W.2d 278 (Mich. 1992)...............................................................8

*In re Mouttet*,
    493 B.R. 640, 658 (Bankr. S.D. Fla. 2013) ................................................16, 17

*In re Newpower*,
    233 F.3d 922 (6th Cir. 2000) ...............................................................9

*Ouwinga v. Benistar 419 Plan Servs., Inc.*,
    694 F.3d 783 (6th Cir. 2012) ...............................................................13

*Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*,
    940 F. Supp. 1101 (W.D. Mich. 1996) ....................................................11

*SEC v. George*,
    426 F.3d 786 (6th Cir. 2005) ..................................................*passim*

*SEC v. Wyly*,
    46 F. Supp. 3d 394 (S.D.N.Y 2014) ........................................................10

*SEC v. Cherif*,
    933 F.2d 403 (7th Cir. 1991) ..................................................*passim*

*Tank Connection, LLC v. Haight*,
    No. 13-1392-JTM, 2014 U.S. Dist. LEXIS 86285 (D. Kan. June
    25, 2014) .......................................................................15

*Tkachik v. Mandeville*,
    790 N.W.2d 260 (Mich. 2010)...............................................................6

*U.S. ex rel. Walter Toebe Const. Co. v. Guarantee Co. of N. Am.*,
    66 F. Supp. 3d 925 (E.D. Mich. 2014) ................................................................7

*United States v. Yoon*,
    398 F.3d 802 (6th Cir. 2005) ................................................................................6

Plaintiffs Sterling Bank and Trust, F.S.B. (the "Bank") and Sterling

Bancorp, Inc. (the "Holding Company" and together, "Sterling") submit this brief

in opposition to the Motion to Dismiss by Nominal Defendants K.I.S.S. Dynasty

Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J.

Seligman 1993 Irrevocable Dynasty Trust, and Joshua James Seligman Irrevocable

Trust No. 1 (for purposes of this brief, "Nominal Trust Defendants").[1]

## **INTRODUCTION**

When a person holds property on behalf of a defendant, and the plaintiff

claims rightful ownership of the property, the plaintiff may join that person as a

nominal defendant in a suit against the main defendant.  *SEC v. George*, 426 F.3d

786, 798 (6th Cir. 2005).  If, at the end of the case, the plaintiff prevails against the

main defendant, the court may order the nominal defendant to turn over the subject

property to the plaintiff.  *See id.*

Sterling alleges that (i) the Nominal Trust Defendants hold dividend

payments and other funds from Sterling on behalf of the main defendant, Scott

Seligman ("Seligman"), and (ii) Seligman acquired this property through his

---

[1] Scott J. Seligman Revocable Living Trust is a nominal trust defendant but is
represented separately by counsel for Seligman and the nominal non-trust
defendants.  As noted in Sterling's opposition to those defendants' motion to
dismiss, Opp. to Seligman Mot. at 36 n. 11, Scott J. Seligman Revocable Living
Trust has not disputed that it is a proper nominal defendant in this case.  Seligman
Mot. at 32-35 & n.11, PageID.487-490 (addressing only the nominal *non-trust*
defendants).

breach of his fiduciary duties and from payments to the Nominal Trust Defendants that unjustly enriched him.  That is all Sterling needs to allege to properly join the Nominal Trust Defendants as nominal defendants.  *Id.*

Each of the Nominal Trust Defendants' objections to being joined in the suit is without merit.

First, the Nominal Trust Defendants dispute that they hold property on Seligman's behalf, contending that the Complaint is wrong and that they hold the property on behalf of themselves only.  But on a motion to dismiss, the allegations of the Complaint must be accepted as true.  If it were otherwise, "individuals and institutions holding funds on behalf of wrongdoers would be able to avoid disgorgement (and keep the funds for themselves) simply by stating a claim of ownership, however specious." *Commodity Futures Trading Comm'n v. Kimberlynn Creek Ranch, Inc*., 276 F.3d 187, 192 (4th Cir. 2002).

Second, the Nominal Trust Defendants argue that Sterling has failed to state a claim against them.  But that is the nature of all actions involving Nominal Trust Defendants.  If Sterling stated an independent claim against the Nominal Trust Defendants, they would no longer be nominal defendants: "Because of the non-interested status of the nominal defendant, ***there is no claim against him*** and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over

2

the defendant is established." *SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (emphasis added) (citing *Farmers' Bank v. Hayes*, 58 F.2d 34, 36 (6th Cir. 1932)).

Third, the Nominal Trust Defendants rely on out-of-circuit cases to argue that only government agencies, not private parties, may sue nominal defendants as "relief defendants" to recover property held on behalf of the main defendant. Binding Sixth Circuit authority forecloses this argument and permits private parties to seek relief against nominal defendants. *Farmers' Bank*, 58 F.2d at 36.

Fourth, the Nominal Trust Defendants wrongly accuse Sterling of impermissibly seeking a roundabout form of prejudgment attachment. Sterling has not sought prejudgment remedies against anyone, not in the Complaint's body or its prayer for relief, and not by motion or any other mechanism. Rather, Sterling named nominal defendants so that the court may order nominal defendants to turn over the subject property to Sterling *after* the Court resolves the dispute between Sterling and Seligman. *George*, 426 F.3d at 798.[2]

For all of these reasons, and as discussed further below, the Nominal Trust Defendants' motion to dismiss should be denied.

---

[2] We note that the Nominal Trust Defendants made no attempt to meet and confer—not even by email—before filing their motion to dismiss. Had they done so, Sterling could have corrected their misapprehension with respect to purported prejudgment attachment.

# BACKGROUND

I.    Factual Allegations

Seligman leveraged his status as founder of the Bank and his positions as Consulting Director, Vice President, and controlling shareholder to exercise power, influence, and control over Sterling's affairs, its employees, and its top-level management.  Compl. ¶ 20, PageID.9.  Because he viewed Sterling as *his* property, he felt that he could do whatever he wanted with its funds, *id.* ¶ 86, PageID.33, and he ultimately extracted millions of dollars from Sterling for his own benefit, *id.* ¶¶ 87-91, PageID.33-34.  He also designed and directed the Bank's flagship loan program in a way that he knew would likely cause, and did cause, the Bank to originate fraudulent loans.  *Id.* ¶¶ 42-63, PageID.16-24.  He took these wrongful actions to temporarily inflate the Bank's valuation, solely to maximize his own profits at the expense of Sterling.  *Id.* ¶¶ 1, 64, PageID.2-3, 25.

Seligman formed K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Joshua James Seligman Irrevocable Trust No. 1. *Id.* ¶ 11, PageID.6. Each of these trusts possesses Sterling shares and/or funds that are the subject of this litigation.  *Id.*  Prior to the Holding Company's initial public offering ("IPO"), Seligman, members of his family, and various family trusts, owned 100% of the Holding Company.  *Id.* ¶ 19, PageID.8-9.  For a period of time, certain of

Seligman's family members utilized the same person to serve as trustee of their family trusts as Seligman himself used for his, thus creating the appearance that Seligman controlled all of the family's holdings. *Id.* ¶ 19 n.1, PageID.9. Following the Holding Company's IPO in 2017, Seligman, members of his family, and various family trusts owned 70% of the Holding Company. *Id.* ¶ 19, PageID.8-9. Through the Nominal Trust Defendants and the Scott J. Seligman Revocable Living Trust, which he established and effectively controls, Seligman still holds a controlling interest in the Holding Company, beneficially owning 47% of the Holding Company's common stock and voting power. *Id.*

Seligman caused the Holding Company to go public in 2017, and Seligman's net proceeds from the offering, through Nominal Defendants K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Scott J. Seligman Revocable Living Trust, totaled almost $73.7 million, nearly as much as the Holding Company's proceeds. *Id.* ¶ 72, PageID.26-27. Additionally, in April 2017, Sterling purchased Quantum Fund, LLC, a registered advisory business in which Seligman beneficially owned 80% of the membership interests and for which he received $2,336,000 through the Scott J. Seligman Revocable Living Trust and Joshua James Seligman Irrevocable Trust No. 1. *Id.* ¶ 89, PageID.33-34. Further, from 2015 to 2020, Seligman and his family received a total of

$28,307,633 in dividends, with approximately $19.3 million of the sum going to Seligman through K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Scott J. Seligman Revocable Living Trust. *Id.* ¶ 90, PageID.34.[3]

In connection with its claims for breach of fiduciary duty and unjust enrichment against Seligman, Sterling now seeks (1) compensatory damages; (2) an order that Seligman disgorge his proceeds from the IPO; (3) injunctive relief requiring Seligman to forfeit his voting shares in the Holding Company, including those held in K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Scott J. Seligman Revocable Living Trust or requiring him to transfer those shares to a trust with a new independent trustee;[4] and (4) an order that Seligman must

---

[3] The Nominal Trust Defendants are incorrect when they assert that "Plaintiffs do not allege that the Nominal Trust Defendants are in receipt of any benefits that are the subject of the unjust enrichment claim." Mot. at 2, PageID.140.  The Complaint expressly alleges that dividends, as well as funds from the sale of Quantum Fund paid to the Nominal Trust Defendants, were for Seligman's ultimate benefit.  Compl. ¶¶ 89-92, 98, PageID.33-35, 36.

[4] In a footnote, the Nominal Trust Defendants assert that Sterling has not offered any support for its request for injunctive relief related to Seligman's shares. Mot. at 3 n.3, PageID.141.  That is wrong.  Sterling adequately alleges that such relief would be just and proper in the circumstances.  In any event, the Nominal Trust Defendants make no argument that this requested relief is in fact improper. For good reason: it is widely accepted that courts may properly order equitable relief when a defendant breaches a fiduciary duty or has been unjustly enriched. *See, e.g.*, *Tkachik v. Mandeville*, 790 N.W.2d 260, 272 (Mich. 2010) ("courts possess an inherent power to afford equitable remedies"); *Chapman v. Chapman*, 188 N.W.2d

repay to Sterling any funds he received directly or by and through the nominal defendants and by which he has been unjustly enriched.  Compl., Prayer for Relief, PageID.36-37.

## II.   Legal Standards

In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must read the complaint in the light most favorable to the plaintiff, including accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *U.S. ex rel. Walter Toebe Const. Co. v. Guarantee Co. of N. Am*., 66 F. Supp. 3d 925, 929 (E.D. Mich. 2014).  A plaintiff  need only plead "enough factual matter" to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007)*.* Plausibility requires showing more than the "sheer possibility" of relief but less than a "probab[le]" entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir. 2010).

---

21, 23 (Mich. Ct. App. 1971) (breach of fiduciary duty and unjust enrichment can warrant imposition of a constructive trust); *JPMorgan Chase Bank, N.A. v. Winget*, No. 21-1568, 2022 WL 2389287, at *9 (6th Cir. July 1, 2022), *cert. denied sub nom. Winget v. Alter Domus, LLC*, 143 S.Ct. 748 (Mem) (2023) (the practical result of a constructive trust is a mandatory injunction "directing the defendant to surrender the property to the plaintiff").

# **ARGUMENT**

I.  <u>The Nominal Trust Defendants Are Properly Joined Because Sterling Seeks
Property in Which They Have No Legitimate Ownership Interest</u>

A nominal defendant "may 'be joined to aid the recovery of relief'" from the
main defendant.  *George*, 426 F.3d at 798 (quoting *Cherif*, 933 F.2d at 414).  When
the dispute between the plaintiff and the main defendant is resolved, "[t]he court
needs to order the nominal defendant to turn over funds to the prevailing
party." *Cherif*, 933 F.2d at 414.  In a typical case, "the nominal defendant is a
'trustee, agent, or depositary,' who has possession of the funds which are the
subject of litigation" and who is "joined purely as a means of facilitating
collection."  *Id.* (citation omitted).   Thus, a nominal defendant "has no ownership
interest in the property which is the subject of litigation."  *George*, 426 F.3d at 798.

Under these principles, the Nominal Trust Defendants are proper nominal
defendants here because Seligman controls the trusts, and thus they effectively act
as his agents with respect to the funds and shares at issue.  "[A]n agency
relationship may arise when there is a manifestation by the principal that
the agent may act on his account. . . . And the main test for agency is 'whether the
principal has a right to control the actions of the agent.'"  *Jonna v. Bitcoin
Latinum*, No. 22-10208, 2022 WL 2960130, at *6 (E.D. Mich. July 26, 2022)
(quoting *Meretta v. Peach*, 491 N.W.2d 278, 280 (Mich. 1992)).  "[I]t is generally

recognized that an agent does not take title to funds or property entrusted to him by his principal." *In re Newpower*, 233 F.3d 922, 933 (6th Cir. 2000).

In *George*, for example, the main defendants raised millions of dollars through a Ponzi scheme. *George*, 426 F.3d at 788. The nominal defendants were family members or associates of the main defendants who were gifted funds or items traced to the ill-gotten gains. *Id.* at 791. Although a person may normally acquire title to property through a gift, the Sixth Circuit affirmed an order requiring the nominal defendants to disgorge the funds they received, holding that, where the main defendants obtained the funds by wrongdoing, the nominal defendants "had no legitimate claim to those funds." *Id.* at 798.

Likewise, Sterling alleges the Nominal Trust Defendants hold ill-gotten funds in an agency relationship with Seligman because "[t]he Nominal Defendants are affiliated with and controlled by Seligman." Compl. ¶ 10, PageID.6; *id.* ¶ 19, PageID.8-9. (alleging Seligman "established and effectively controls" the Nominal Defendant trusts). For example, at Seligman's "behest and under his control" and because of his breach of fiduciary duty, "nearly $73.7 million" of the proceeds of Sterling's IPO were directed to the Nominal Trust Defendants and other Seligman-affiliated trusts. *Id.* ¶ 72, PageID.26-27. As a result, "Seligman enriched himself greatly." *Id.* ¶ 74, PageID.27-28. Seligman also received millions of dollars of dividend payments through the Nominal Trust Defendants. *Id.* ¶ 88, PageID.33.

And he caused Sterling to make payments to the Nominal Trust Defendant Joshua James Seligman Irrevocable Trust "for his personal benefit" by causing Sterling to purchase at a grossly inflated price an LLC in which Seligman owned a beneficial 80% interest.  *Id.* ¶ 89, PageID.33-34.

Accordingly, Sterling has plausibly alleged that the Nominal Trust Defendants hold ill-gotten funds that are the subject of the litigation in a "subordinate or possessory capacity" as agents of Seligman.  *Cherif,* 933 F.2d at 414 (quoting *Colman v. Shimer*, 163 F. Supp. 347, 351 (W.D. Mich. 1958)).[5]

II.    The Nominal Trust Defendants' Arguments For Dismissal Are Meritless

    **A.    The Nominal Trust Defendants May Not Rely on Assertions That Fall Outside, and Directly Contradict, Sterling's Complaint**

The Nominal Trust Defendants refuse to accept the allegations of the Complaint as true, asserting that Sterling's allegations that the Nominal Trust Defendants are "affiliated with and controlled by Seligman" are "untrue" and "unsupported."  Mot. at 3, PageID.141.  But it is well-established that the Court

---

[5] That the trusts are, in name, "irrevocable" trusts makes no difference.  When a wrongdoer keeps their assets in an "irrevocable" trust but exercises ultimate authority and calls all the shots instead of the named trustee, that trust is really a grantor trust.  *See S.E.C. v. Wyly*, 46 F. Supp. 3d 394, (S.D.N.Y 2014) (finding a grantor trust where the trustees always complied with the grantors' wishes).  A grantor trust is one in which the individual who creates the trust is treated as the owner of the trust.  *Id.* at 407-08.  Because, as Sterling alleges, Seligman controls the Nominal Trust Defendants, they should be treated as "grantor" trusts in which Seligman is the owner of the assets and property they hold.

must take Sterling's allegations as true at the pleading stage. *Doe by K.M. v. Knox Cnty. Bd. of Educ.*, 56 F.4th 1076, 1077 (6th Cir. 2023). If a nominal defendant's assertion that it had a legitimate right to the funds at issue were enough to warrant dismissal, "individuals and institutions holding funds on behalf of wrongdoers would be able to avoid disgorgement (and keep the funds for themselves) simply by stating a claim of ownership, however specious." *Kimberlynn Creek Ranch*, 276 F.3d at 192 (4th Cir. 2002).

*Picard Chem. Inc. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101 (W.D. Mich. 1996), on which the Nominal Trust Defendants rely, is readily distinguishable. In *Picard*, the plaintiffs "[did] not dispute that all of the parties named as nominal defendants [had] a real interest in the subject matter of the litigation—Perrigo common stock—either as direct shareholders, trust beneficiaries, or as the parent companies of direct shareholders," and so the court found that the parties could not be joined as nominal defendants. *Id.* at 1136. Sterling, on the other hand, makes no such concession that the Nominal Trust Defendants have a legitimate interest in the funds that are the subject of the litigation. To the contrary, Sterling alleges that the Nominal Trust Defendants are, parties "who hold the stock [and other funds] in trust for the primary wrongdoer[,] [Seligman]." *Picard Chem.*, 940 F. Supp. at 1136.

11

The Nominal Trust Defendants seek to contradict the allegations of the Complaint by incorporating by reference a statement in Sterling's Form S-1 that the Nominal Trust Defendants' trustee "holds sole voting and dispositive power" over the Sterling shares they hold.  Mot. at 3, PageID.141.  The Nominal Trust Defendants, controlled by Seligman, provided this self-serving statement for inclusion in the S-1, and it should not be used to create a factual dispute on a motion to dismiss.  Indeed, the S-1 should not be considered at all in connection with this motion to dismiss because the S-1 is not central to Sterling's claims.

A court may consider a document under the incorporation by reference doctrine only if a document is "central" to the plaintiff's claims.  *Mediacom Se. LLC v. BellSouth Telecommunications, Inc.*, 672 F.3d 396, 399 (6th Cir. 2012).  A document is "central" if it is "determinative of Plaintiff's claims" and "define[s] the rights and obligations of the parties," such as the terms of a contract in a breach of contract action.  *Bowens v. Aftermath Ent.*, 254 F. Supp. 2d 629, 640 (E.D. Mich. 2003).  Here, Sterling mentions the S-1 only once in its Complaint, and it is by no means "central" to Sterling's claims.  Compl. ¶ 20, PageID.9.  Sterling contends Seligman is liable to Sterling because Seligman breached his fiduciary duties when overseeing the ALP and unjustly enriched himself by directing payments to himself or to the nominal defendants he controls.  The success of those claims does not rise or fall with the S-1.  *See generally* Compl, PageID.1-38.

12

Sterling does not contend Seligman is liable to it because Seligman breached an obligation contained in the S-1 or as a result of any statement made in the S-1. Thus, even if the S-1 never existed, Sterling would and could assert its same claims against Seligman.

Moreover, the statement in the S-1 that the trustee holds voting power does not on its face negate the allegations in the Complaint that Seligman ultimately controls the Nominal Trust Defendants.  To the extent there is any inconsistency between the S-1 and the Complaint, it would be "improper for the district court to credit the factual recitations in the [external document] … to … reject the well-pleaded facts in the complaint." *Id.*  Any factual dispute between the parties is "better tested in a motion for summary judgment" or at trial, not a motion to dismiss.  *Ouwinga v. Benistar 419 Plan Servs., Inc.*, 694 F.3d 783, 797 (6th Cir. 2012).

Accordingly, because Sterling alleges the Nominal Trust Defendants hold property on Seligman's behalf, the Court must deny their motion to dismiss.

### B.   Sterling Is Not Required To State A Claim Against The Nominal Trust Defendants

The Nominal Trust Defendants argue the Court should dismiss the Complaint because Sterling has not attempted to state a claim against them.  Mot. at 6, PageID.144.  But the law does not permit, let alone require, a plaintiff to state a claim against a nominal defendant.  "Because of the non-interested status of the

13

nominal defendant, ***there is no claim against him*** and it is unnecessary to obtain subject matter jurisdiction over him once jurisdiction over the defendant is established." *Cherif*, 933 F.2d at 414 (emphasis added; citing *Farmers' Bank v. Hayes*, 58 F.2d 34, 36 (6th Cir. 1932)).[6]

The Nominal Trust Defendants also contend in a footnote that Sterling lacks Article III standing to assert a claim against them. Mot. at 6 n. 5, PageID.144. The Nominal Trust Defendants do not dispute, however, that Sterling has standing to assert claims against Seligman. "[O]nce jurisdiction over [Seligman] is established," "it is unnecessary to obtain subject matter jurisdiction over [the Nominal Trust Defendants]." *Cherif*, 933 F.2d at 414, quoting *Farmers' Bank*, 58 F.2d at 36. Therefore, Sterling is not required to establish Article III standing against the Nominal Trust Defendants independent from its standing to bring claims against Seligman.

---

[6] *Certain Underwriters at Lloyds London Subscribing To Policy No. HMPL 18-0164 & HMPL 17-0158 v. KG Admin. Servs.*, No. 5:19-cv-1246, 2019 WL 6770061, at \*4  (N.D. Ohio Dec. 12, 2019), on which the Nominal Trust Defendants rely, has no relevance here. The plaintiff in *Certain Underwriters* did not raise the nominal defendant doctrine, and the court did not discuss it. Moreover, the plaintiff did not allege the dismissed defendants held property that was the subject of the dispute, as required to invoke nominal defendant status. *Id.* at \*1 n.1, \*3.

### C.     Private Parties May Sue Nominal Defendants

The  Nominal Trust Defendants contend that they are being sued as "relief

defendants" and that "there is no court in the country that has recognized that a

private party litigant has the right to include relief defendants in a lawsuit."  Mot.

at 11 n.6, PageID.149 (quoting *Tank Connection, LLC v. Haight*, No. 13-1392-

JTM, 2014 WL 2885465, at *3 (D. Kan. June 25, 2014)).  They contend that only

government agencies, such as the SEC, may sue relief defendants.  *Id.* at 11.  They

are simply wrong: in a number of cases in this Circuit alone, courts have allowed

private plaintiffs to name nominal defendants like Sterling has done here.

*Cherif*, the seminal case permitting the SEC to sue "relief defendants," relied

on the Sixth Circuit opinion in *Farmers' Bank v. Hayes*.  *See Cherif*, 933 F.2d at

414 (citing *Farmers' Bank*, 58 F.2d at 36).  The plaintiff in *Farmer's Bank* was a

private party—a bank—and the defendant was another private party, a surety

company.  *Farmers' Bank*, 58 F.2d at 36.  The relief defendant was a school board

of trust.  *Id.*  The bank claimed the surety owed it certain funds, and it sued the

school board as a nominal or relief defendant because the school board happened

to be holding the funds when the suit was filed.  *Id.*

Likewise, Sterling alleges that Seligman owes it funds and has sued the

Nominal Trust Defendants because they are holding some of the funds Seligman

owes Sterling.  This type of suit is proper pursuant to *Farmers' Bank*.  The Sixth

Circuit has never overruled *Farmers' Bank*, and nominal defendants continue to be a feature of litigation to this day. *See, e.g., Jackson v. Bank of Am., N.A.*, No. 13-12430, 2013 WL 4670762, at *3 (E.D. Mich. Aug. 30, 2013) (trust was proper nominal defendant where private plaintiff's claims were against bank and trustee while trust was "simply a pool of loans managed by [Trustee]"); *DiBella v. Carpenter*, No. 2:10-cv-174, 2010 WL 2605824, at *2 (S.D. Ohio June 25, 2010) (corporation with responsibility for money in an escrow account that was gained after its assets were liquidated was a nominal defendant in suit between individual owners).

The Nominal Trust Defendants rely on *In re Mouttet*, a Southern District of Florida Bankruptcy court decision where the court was apparently unaware of *Farmers' Bank*. 493 B.R. 640, 658 (Bankr. S.D. Fla. 2013). *In re Mouttet* is plainly contrary to the cases in this circuit such as *Jackson* and *DiBella*, which, like this Court, were bound to follow *Farmers' Bank*. *United States v. Yoon*, 398 F.3d 802, 806 (6th Cir. 2005) ("The prior decision [of a Sixth Circuit panel] remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.") (quoting *Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001)).

16

**D.** **Sterling Does Not Seek Prejudgment Attachment**

The Nominal Trust Defendants' reliance on *In re Mouttet* also is misplaced because in that case the Florida bankruptcy court appears to incorrectly characterize an action against nominal defendants as "a substitute for demonstrating a plaintiff's entitlement to a prejudgment writ of attachment." *Id.* at 658. The Nominal Trust Defendants echo this view, accusing Sterling of seeking a "roundabout form of prejudgment attachment." Mot. at 13, PageID.151.

Sterling has not sought any form of prejudgment relief against anyone. Rather, Sterling has sued nominal defendants because in a suit involving nominal defendants, "[t]he court needs to order the nominal defendant to turn over funds to the prevailing party *when the dispute between the parties is resolved*." *Cherif*, 933 F.2d at 414 (emphasis added).

## <u>CONCLUSION</u>

For the foregoing reasons, Sterling respectfully requests the Court deny the Nominal Trust Defendants' Motion to Dismiss.

Dated:  March 13, 2023

By: */s/ Matthew J. Lund*
Robert S. Hertzberg (P30261)
Matthew J. Lund (P48632)
Troutman Pepper Hamilton Sanders LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: 248-359-7370
robert.hertzberg@troutman.com
matthew.lund@troutman.com

17

David B. Bergman
Jayce L. Born
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave. NW
Washington, DC 20001
Telephone: 202-942-5000
Email: david.bergman@arnoldporter.com
    jayce.born@arnoldporter.com

Oscar Ramallo
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: 213-243-4000
Email: oscar.ramallo@arnoldporter.com

*Counsel for Plaintiffs Sterling Bank and Trust, F.S.B. and Sterling Bancorp, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Sterling Bank and Trust, F.S.B.<br>AND Sterling Bancorp, Inc., | |
| Plaintiffs, | Civil Action No. 5:22-cv-12398 |
| v. | **Hon. Judith E. Levy** |
| Scott Seligman, | **Magistrate Judge Elizabeth A.<br>Stafford** |
| Defendant, | |
| And | |
| K.I.S.S. Dynasty Trust No. 9, Scott J.<br>Seligman 1993 Long Term Irrevocable<br>Dynasty Trust, Scott J. Seligman 1993<br>Irrevocable Dynasty Trust, Scott J.<br>Seligman Revocable Living Trust, Joshua<br>James Seligman Irrevocable Trust No. 1,<br>Seligman Family Foundation, 311<br>California LP/tax Kiss LP CO, Presidential<br>Aviation, Inc., SM Farthington, LTD LLC,<br>Seligman & Associates, Inc., AND<br>Seligman Administrative Office | |
| Nominal Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2023, the foregoing document was

electronically filed with the U.S. District Court, Eastern District of Michigan, and

notice will be sent by operation of the Court's electronic filing system to all ECF

participants.

*/s/ Matthew J. Lund*
Matthew J. Lund (P48632)

19