UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sterling Bank and Trust, F.S.B., and Sterling Bancorp, Inc.,

            Plaintiffs,

v.

Scott Seligman,

            Defendant,

and

K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, Scott J. Seligman Revocable Living Trust, Joshua James Seligman Irrevocable Trust No. 1, Seligman Family Foundation, 311 California LP/tax Kiss LP CO, Presidential Aviation, Inc., SM Farthington, LTD LLC, Seligman & Associates, Inc., and Seligman Administrative Office,

            Nominal Defendants.
_____

Case No. 22-CV-12398-JEL-EAS

Hon. Judith E. Levy

**REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS BY NOMINAL TRUST DEFENDANTS K.I.S.S. DYNASTY TRUST NO. 9, SCOTT J. SELIGMAN 1993 LONG TERM IRREVOCABLE DYNASTY TRUST, SCOTT J. SELIGMAN 1993 IRREVOCABLE DYNASTY TRUST, AND JOSHUA JAMES SELIGMAN IRREVOCABLE TRUST NO. 1**

4892-7214-8570.v2

### I. Plaintiffs' arguments rest on conclusory allegations that cannot survive a motion to dismiss.

The keystone of Plaintiffs' opposition lies on page eight of their brief where they state in conclusory fashion that "the Nominal Trust Defendants are proper nominal defendants here because Seligman controls the trusts…" Opposition Brief ("Opp.") at 8. The problem for Plaintiffs is that Seligman does not control these trusts, which have independent trustees. More importantly for present purposes, Plaintiffs' focus on "control" presents the wrong test. The question of whether the Nominal Trust Defendants can be nominal defendants does not turn on "control," it turns on whether they have "no ownership interest in the property which is the subject of the litigation." *Picard Chem. Profit Sharing Plan v. Perrigo Co.*, 940 F. Supp. 1101, 1135 (W.D. Mich. 1996).

As set forth in the Nominal Trust Defendants' opening motion and brief, the fact that they *do own* the assets in question means they cannot be nominal defendants. To try to sidestep this, Plaintiffs argue that the Court can only consider the bare legal conclusions found in the complaint and should ignore the publicly available October 2017 Form S-1 to the extent the statements found therein are inconsistent with the "well-pleaded facts in the complaint." Opp. at 13. Plaintiffs have not pled *facts*, let alone well-pleaded facts, that contradict or somehow supersede the statements in the S-1 that an independent trustee "holds sole voting

1

and dispositive power over shares held by" each of the Nominal Trust Defendants alleged to own Sterling Bancorp, Inc. shares.[1]

Even if the question turned on "control" rather than "ownership interest," Plaintiffs have not alleged *facts* in support of their threadbare contention that really Seligman is in charge—just the matter-of-fact allegation that Seligman "controls the trusts" (*id.* at 8) or that he directed they receive proceeds of Sterling's IPO (*id.* at 9). A bare allegation that Seligman directed certain shares of stock to be allocated to the Nominal Trust Defendants does not amount to a plausible allegation that Seligman *controls* these irrevocable trusts. Plaintiffs put forth no allegation (and could not do so truthfully) that Seligman controls the independent trustees of the Nominal Trust Defendants, how the trustees vote the shares held by the trusts, or that Seligman otherwise decides how the trustees will exercise their independent fiduciary duties.

It is critical to bear in mind, too, that the shareholder Nominal Trust Defendants are *irrevocable* trusts. "[A] settlor who creates an *irrevocable* trust relinquishes control of the assets to the trustee, who manages the trust under a fiduciary duty to the *beneficiary*. The irrevocable trust becomes its own separate

---

[1] Plaintiffs' argument that the Court must ignore the October 2017 Form S-1 because it supposedly is "not central" to their claims cannot be taken seriously. Not only is the S-1 directly referred to, and quoted from, in the complaint, it is the offering document issued in connection with the Sterling Bancorp, Inc. initial public offering ("IPO") which itself is referred to throughout the complaint. *See, e.g.,* Dkt. No. 1 at ¶¶ 19, 33, 71, 73, 80, 91. And part of the relief requested by Plaintiffs is that Seligman "disgorge his proceeds from the IPO." *Id.* at PageID 37.

legal entity. The settlor cannot change the terms, change the contents, or dissolve the trust. The settlor's creditors cannot reach the trust assets." *JPMorgan Chase Bank, N.A. v. Winget*, 2022 WL 2389287, at *33 (6th Cir. July 1, 2022) (Batchelder, dissenting). The structure of the trusts precludes the possibility that Seligman is "in control" and Plaintiffs have not pled facts plausibly alleging otherwise.

While, at this stage, the Court must accept any "well-pled factual allegations as true," at the same time the Court "need not, however, accept as true the 'plaintiff's legal conclusions or unwarranted factual inferences.' Furthermore, this court may take judicial notice of public records, and [is] not required to accept as true factual allegations that are contradicted by those records." *Clark v. Stone*, 998 F.3d 287, 298 (6th Cir. 2021) (internal quotations omitted, citing *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017)); *see also 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) ("[a] plaintiff cannot overcome a Rule 12(b)(6) motion to dismiss simply by referring to conclusory allegations in the complaint that the defendant violated the law"). Even at the motion to dismiss stage the Court is not required, as Plaintiffs would have it, to wear blinders in favor of conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. A private party cannot name "nominal" or "relief" defendants in this fashion.

Plaintiffs next argue that the ability of the SEC, and other enforcement

agencies such as the CFTC, to name innocent third parties as relief defendants is available to private litigants, too. In support, and despite citing numerous cases throughout their brief that *were* brought by the SEC or the CFTC, Plaintiffs rely on a case that was decided before either agency existed. Apart from its age, *Farmers' Bank v. Hayes*, 58 F.2d 34 (6th Cir. 1932) does not support Plaintiffs' position.

Both the facts and the holding of *Farmers' Bank* show it is inapposite. The dispute in *Farmers' Bank* was about a bank and a surety that both claimed money held by a board of trust. As the Sixth Circuit put it, "[t]he substantial controversy to be decided is which party, the bank or the surety, is entitled to the money." *Id*. at 36. The controversy had nothing to do with whether the money was ill-gotten, or whether the trust had a legitimate claim to the funds. Quite the opposite—the board of trust had disclaimed any right to the money and itself was the party who "sought and was given permission to pay the money into court." *Id.*

In this case, the Nominal Trust Defendants *own* the shares and funds Plaintiffs now have in their crosshairs and, to be clear, object to the idea that those assets should be taken away from the Nominal Trust Defendants and awarded to *anybody*. Unlike anything that was at issue in *Farmers' Bank*, here Plaintiffs have accused Seligman of wrongdoing. To compensate Plaintiffs for that alleged wrongdoing— which Plaintiffs will have to prove occurred—Plaintiffs would like the Court to attach assets owned by innocent third-parties and award them to Plaintiffs, or to an

4

unnamed third-party.² *Farmers' Bank* has no bearing on these facts.

*Farmers' Bank* is irrelevant on the law, too. The central holding of *Farmers' Bank* concerns jurisdiction, not whether a private party can name relief defendants. The Court was not asked to decide, and did not address, whether the board of trust's involvement in the case was appropriate. The court simply held that the citizenship of a nominal defendant "will not affect the question of jurisdiction" under a diversity analysis. *Id.* at 36-37. In their brief, Plaintiffs make much out of *Cherif*'s single citation to *Farmers' Bank*. Opp. at 15. What Plaintiffs fail to mention is that the court in *Cherif* cited *Farmers' Bank* for its jurisdictional holding, only. *See SEC v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991) (citing *Farmers' Bank* for the proposition that "it is unnecessary to obtain subject matter jurisdiction over [a nominal defendant] once jurisdiction over the defendant is established").

Plaintiffs also rely on two district court cases to support their argument that a private party's ability to name relief defendants is "a feature of litigation to this day." Opp. at 16. Neither case supports the idea, let alone holds, that a private party can name a relief defendant to help it recover ill-gotten gains. Like *Farmers' Bank*,

---

² Plaintiffs summarily argue that the relief they are requesting is "just and proper." Opp. at 6, n. 4. The extraordinary nature of Plaintiffs' relief requested speaks for itself—Plaintiffs are asking for the "return of" dividends associated with stock owned by the Nominal Trust Defendants in addition to an injunction ordering that all shares owned by the Nominal Trust Defendants be seized and given to an unnamed "trust with a new independent trustee" who would be ordered to "vote those shares in accordance with the votes of the minority shareholders" to "serve as a source of financial strength for [Plaintiffs]." Complaint, Dkt. No. 1, at PageID 36-37.

5

*DiBella v. Carpenter* concerned how funds should be disbursed where they were being held by an agent who made no claim to them. 2010 WL 2605824, at *1 (S.D. Ohio June 25, 2010). The plaintiff was part-owner of a closely-held LLC who sought *only* a declaratory judgment establishing how the proceeds of the sale of the company's assets should be distributed among the three owners. *Id*. at *3. The assets had already been sold, and the proceeds held in escrow by a law firm, "until either the parties agree to a plan of distribution or a court orders one." *Id.* at *1. In that context, the LLC was named as a "nominal party." *Id*.[3]

In *Jackson v. Bank of Am.,* 2013 WL 4670762 (E.D. Mich. Aug. 30, 2013), the other case Plaintiffs rely upon, the court was *not* asked to determine whether the defendant in question (a trust that was really just an asset-backed security) was properly included as a nominal defendant. The plaintiff in *Jackson* filed an action in Wayne County Circuit Court challenging a mortgage foreclosure and subsequent debt collection practices. *Id*. at *1. She did not, as Plaintiffs attempt here, name innocent third parties as "nominal defendants" or "relief defendants" in an effort to reach their assets. The facts are in no way analogous to this case.[4]

---

[3] Furthermore, the opinion in *DiBella* is also about jurisdiction. The Court analyzed and denied a motion to remand and, in the process of conducting a diversity jurisdiction analysis, noted that the LLC defendant was "clearly a nominal party for diversity jurisdiction purposes." *DiBella*, 2010 WL 2605824 at *3. The Court was not asked, and did not comment on, whether that party was properly included as a nominal or relief defendant.

[4] Like *DiBella*, the Court's opinion in *Jackson* was about jurisdiction. The Court's remand analysis turned on the question of whether the trust (which, again, was "simply a pool of loans"

6

None of the Plaintiffs' cases speak to the argument presented in the Nominal Trust Defendants' motion. More recent Sixth Circuit precedent, and case law from throughout the country, holds that the right to name relief defendants is reserved for government enforcement agencies. *See, e.g., SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005) (explaining that a court can order equitable relief against a third party relief defendant in a securities enforcement action); *SEC v. Yin*, 2023 WL 2753094, at *7-8 (S.D.N.Y. Mar. 31, 2023) (collecting cases and describing the appropriate use of the "obscure common law concept" of relief defendants by the SEC and CFTC). Because this concept is not available to Plaintiffs, the Nominal Trust Defendants should be dismissed from this case.

## CONCLUSION

For the reasons set forth in their opening brief and motion, the Nominal Trust Defendants should be dismissed from this case.

Respectfully submitted,

BODMAN PLC

/s/ *Justin P. Bagdady*
Justin P. Bagdady (P79764)
201 S. Division St., Suite 400
Ann Arbor, Michigan 48104
(734) 930-2727
jbagdady@bodmanlaw.com

---

that defendants argued had been fraudulently joined) had consented to removal. *Id*. at *2. Because there were no substantive claims against the trust, the Court concluded it was "a nominal defendant whose consent was not required for removal." *Id.* at *3. That is the extent of the *Jackson* court's discussion of the "nominal defendant" concept.

*Attorneys for Nominal Defendants K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Joshua James Seligman Irrevocable Trust No. 1*

Date: April 13, 2023

4892-7214-8570.v2

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

/s/*Justin P. Bagdady*
Justin P. Bagdady (P79764)
Bodman PLC
201 S. Division St., Suite 400
Ann Arbor, Michigan 48104
(734) 930-2727
jbagdady@bodmanlaw.com
*Attorneys for Nominal Defendants K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, and Joshua James Seligman Irrevocable Trust No. 1*