# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Sterling Bank and Trust, F.S.B. AND Sterling Bancorp, Inc., <br><br>    Plaintiffs, <br><br> v. <br><br>Scott Seligman, <br><br>    Defendant, <br><br>And <br><br>K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, Scott J. Seligman Revocable Living Trust, Joshua James Seligman Irrevocable Trust No. 1, Seligman Family Foundation, 311 California LP/tax Kiss LP CO, Presidential Aviation, Inc., SM Farthington, LTD LLC, Seligman & Associates, Inc., AND Seligman Administrative Office <br><br>    Nominal Defendants. | Civil Action No. 5:22-cv-12398 <br><br> Hon. Judith E. Levy <br><br> Magistrate Judge Elizabeth A. Stafford |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs Sterling Bank and Trust, F.S.B. and Sterling Bancorp, Inc. ("Sterling") respectfully submit this notice to advise the Court of the Delaware Chancery Court's decision in *Tornetta v. Musk*, No. 2018-0408-KSJM, 2024 WL 343699 (Jan. 30, 2024) (Exhibit A). There, in order to determine whether the entire

fairness standard applied to a challenged transaction, the court first needed to decide whether Elon Musk, despite owning only 21.9% of the stock, controlled Tesla. *Id.* at *1. The Court concluded that he did. *Id.* at *43-60.

In so holding, the court noted that "Delaware law imposes fiduciary duties on those who control a corporation," and that "[w]hen a controller displaces or neutralizes a board's power to direct corporation action, then the controller assumes fiduciary obligations." *Id.* at *44. The court further explained that a plaintiff can establish that a defendant controls a corporation by showing that the "defendant holds a mathematical majority of the corporation's voting power," ***or*** "by demonstrating that the defendant 'exercises control over the business affairs of the corporation.'" *Id.* at *45 (quoting *Ivanhoe Partners v. Newmont Min. Corp.*, 535 A.2d 1334, 1344 (Del. 1987)). For the latter, there are various "indicia of effective control," and the court ultimately must undertake a "holistic evaluation of sources of influence." *Id.* at *46 (quoting *Basho Techs. Holdco B, LLC v. Georgetown Basho Investors, LLC*, No. 11802-VCL, 2018 WL 3326693 at *27 (Del. Ct. Ch. July 6, 2018)).

Undertaking that holistic evaluation in *Tornetta*, the Court concluded that given Musk's minority but nonetheless significant stock ownership and "his influence over managerial decisions, decision makers, and the process," Musk "wielded the maximum influence that a manger can wield over a company." *Id.* at

2

*47. Thus, the Court held that, despite not being a majority shareholder, Musk did in fact exercise control over Tesla. *Id.*

This case reinforces what Sterling has said all along: that Sterling has sufficiently alleged that Scott Seligman dominated and controlled Sterling through his stock ownership, managerial influence, and bullying behavior, and for that reason owed fiduciary duties to Sterling. In the wake of *Tornetta*, Defendants cannot seriously contest that "managerial supremacy" is sufficient to make a minority shareholder a controlling person with fiduciary obligations to a corporation. *See* Seligman Notice of Supp. Auth. at 3 (Oct. 17, 2023) [Dkt. 44].

Dated: February 2, 2024  By: */s/ Matthew J. Lund*

          Matthew J. Lund (P48632)
          Troutman Pepper Hamilton Sanders LLP
          4000 Town Center, Suite 1800
          Southfield, MI 48075
          Telephone: 248-359-7370
          Email: matthew.lund@troutman.com

          David B. Bergman
          Jayce L. Born
          Arnold & Porter Kaye Scholer LLP
          601 Massachusetts Ave. NW
          Washington, DC 20001
          Telephone: 202-942-5000
          Email: david.bergman@arnoldporter.com
             jayce.born@arnoldporter.com

        Oscar Ramallo
        Arnold & Porter Kaye Scholer LLP
        777 South Figueroa Street, 44th Floor
        Los Angeles, CA 90017-5844
        Telephone: 213-243-4000
        Email: oscar.ramallo@arnoldporter.com

        *Counsel for Plaintiffs Sterling Bank and*
        *Trust, F.S.B. and Sterling Bancorp, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Sterling Bank and Trust, F.S.B. AND Sterling Bancorp, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Scott Seligman, <br><br> Defendant, <br><br> and <br><br> K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, Scott J. Seligman Revocable Living Trust, Joshua James Seligman Irrevocable Trust No. 1, Seligman Family Foundation, 311 California LP/tax Kiss LP CO, Presidential Aviation, Inc., SM Farthington, LTD LLC, Seligman & Associates, Inc., AND Seligman Administrative Office <br><br> Nominal Defendants. | Case No. 5:22-cv-12398-JEL-EAS <br><br> Hon. Judith E. Levy |

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2024, the foregoing Notice of Supplemental Authority and this Certificate of Service were electronically filed with the U.S. District Court, Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

*/s/ Matthew J. Lund*
Matthew J. Lund
