IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

Sterling Bank and Trust, F.S.B.
AND Sterling Bancorp, Inc.,
                        Plaintiffs,

v.

Scott Seligman,
                        Defendant,

and

K.I.S.S. Dynasty Trust No. 9, Scott J. Seligman 1993 Long Term Irrevocable Dynasty Trust, Scott J. Seligman 1993 Irrevocable Dynasty Trust, Scott J. Seligman Revocable Living Trust, Joshua James Seligman Irrevocable Trust No. 1, Seligman Family Foundation, 311 California LP/tax Kiss LP CO, Presidential Aviation, Inc., SM Farthington, LTD LLC, Seligman & Associates, Inc., AND Seligman Administrative Office,
                        Nominal Defendants.

Case No. 5:22-cv-12398-JEL-EAS

Hon. Judith E. Levy

**RESPONSE OF SCOTT J. SELIGMAN**
**TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Contrary to Sterling's submission (ECF No. 49), the recent decision in *Tornetta v. Musk*, No. 2018-0408-KSJM, 2024 WL 343699 (Jan. 30, 2024), confirms that the fiduciary-breach claims against Mr. Seligman must be dismissed.

In *Tornetta*, the Delaware Chancery Court "boldy . . . [went] where no Delaware court has tread" to find that Elon Musk (a 21.9% shareholder of Tesla) was a controlling shareholder with respect to a single transaction regarding Musk's compensation package. ECF No. 49, Ex. A, at PageID.1302 (simplified). Sterling submits that "[i]n the wake of *Tornetta*, Defendants cannot seriously contest that 'managerial supremacy' is sufficient to make a minority shareholder a controlling person with fiduciary obligations to a corporation." ECF No. 49 at PageID.1296. Sterling is wrong, for at least three reasons.

*First*, this Court, sitting in diversity, is bound by decisions of the Michigan Supreme Court. *See Bailey v. V&O Press Co.*, 770 F.2d 601, 604 (6th Cir. 1985) ("[F]ederal courts [sitting in diversity] must apply the law of the state's *highest* court.") (emphasis added). The Michigan Supreme Court has *never* recognized a fiduciary duty for a minority shareholder absent board control. *See* ECF No. 26 at PageID.477 (citing *Fenestra Inc. v. Gulf Am. Land Corp.*, 141 N.W.2d 36, 51–52 (Mich. 1966)). To the extent this Court nevertheless looks to Delaware law for guidance on the issue, the Court is obliged to follow the Delaware Supreme Court, not the Chancery Court's as-yet unreviewed opinion. *See generally* 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4507 (3d ed. 2016) (discussing the *Erie* doctrine). The trial court decision in *Tornetta* admittedly goes beyond "three [other] opinions"—including from the

2

Delaware Supreme Court—that have "confronted this precise issue" and declined to find that Musk is a controller. ECF No. 49, Ex. A, at PageID.1411. The Delaware Supreme Court has expressly "save[d] for another day whether a stockholder with 22% of the voting power, but who may exercise 'managerial supremacy,' is a controlling stockholder," because doing so would "expand[] the universe of persons who could be liable to stockholders under fiduciary principles." *In re Tesla Motors, Inc. Stockholder Litigation*, 298 A.3d 667, 699 n.117 (Del. 2023). The Delaware Supreme Court has elsewhere recognized that to be a controller, an individual must "have effective control of the board." *Corwin v. KKR Fin. Holdings LLC*, 125 A.3d 304, 307 (Del. 2015). Sterling is asking this Court to enforce a duty that has never been recognized by the highest court of either Delaware or Michigan.

*Second*, Scott Seligman is no Elon Musk, as even a cursory review of the *Tornetta* decision reveals. Musk, "the richest person in the world," is Tesla's Chairman and "Superstar CEO." ECF No. 49, Ex. A, at PageID.1301, 1302. Indeed, Musk appointed himself "Technoking"—a position he "compared to being a monarch"—and operated the company "under his own set of rules" because "Tesla and Musk are intertwined." *Id.* at PageID.1418, 1419. The *Tornetta* court emphasized that "the avalanche of evidence on this point is so overwhelming that it is burdensome to set out in prose," providing a dozen bullet points instead. *Id.* at PageID.1418–21. There are *no allegations* in Sterling's Complaint that come

3

anywhere close to this level of megalomaniacal involvement and control by Mr. Seligman. It's like comparing a Falcon 9 rocket (to name another of Musk's ventures) to a paper airplane.

*Third*, managerial control, even if tyrannical, is insufficient to give rise to fiduciary duties because the Board (not management) is in charge of the corporation. The Chancery Court in *Tornetta* determined that Musk was a controller not because he was an iron-fisted CEO, but because he controlled the *Board*. Indeed, several individual Board members were "beholden to Musk," and Musk exerted specific control over the entire board by "artificially compressing the [Board's] work into short bursts." *Id.* at PageID.1413, 1434. The Chancery Court honed in on multiple aspects of Musk's control of the Board: Musk "enjoyed thick ties with the directors tasked with negotiating" his compensation package, he "dominated the process that led to board approval," he "operate[d] as if free of Board oversight" and the Board demonstrated an "inability or unwillingness to rein in Musk." *Id.* at PageID.1302, 1420. Absent any similar allegations of Board control, Mr. Seligman cannot be a controller as a matter of law. *See Corwin*, 125 A.3d at 307 (to be a controller an individual must "have effective control of the board"); *Fenestra*, 141 N.W.2d at 51–52 (same under Michigan law). And Sterling's Complaint contains *zero* allegations that Mr. Seligman controlled the Board. Indeed, at the motion-to-dismiss hearing, Sterling's counsel could not even identify a single allegation in the Complaint that

4

Mr. Seligman controlled the Board.  *See* ECF No. 46, PageID.1222–30.  Control over a majority of the Board of Directors cannot be inferred—it must be affirmatively pleaded and proved. Sterling's counsel conducted a thorough investigation, and if they had any *evidence* of board control they would have asserted it.  Sterling is thus advancing a theory of liability that has been accepted by no court in either Delaware or Michigan.

For these reasons, *Tornetta* only reinforces that Mr. Seligman was not a controlling shareholder and Sterling's Complaint must be dismissed.

DATED:  February 9, 2024

Respectfully submitted,

/s/ Jeffrey B. Morganroth
Jeffrey B. Morganroth (P41670)
Morganroth & Morganroth, PLLC
344 North Old Woodward Avenue, Suite 200
Birmingham, MI 48009-5310
(248) 864-4000
jmorganroth@morganrothlaw.com

*Counsel for Defendant Scott Seligman*

/s/ Mark A. Perry
Mark A. Perry
Chantale Fiebig
Crystal L. Weeks
Weil, Gotshal & Manges LLP
2001 M Street, NW, Suite 600
Washington, DC 20036
Telephone: (202) 682-7000
Fax: (202) 857-0940
mark.perry@weil.com
chantale.fiebig@weil.com
crystal.weeks@weil.com

*Counsel for Defendant Scott Seligman*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February, 2024, I caused a copy of the foregoing document to be electronically filed with the U.S. District Court for the Eastern District of Michigan, and notice will be sent by operation of the Court's electronic filing system to all ECF participants.

DATED: February 9, 2024                               Respectfully Submitted,

*/s/ Mark A. Perry*
Mark A. Perry